## IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| **JAMES REEVES**, | Case No.: _____ |
| Plaintiff, | |
| v. | |
| | **ORIGINAL NOTICE** |
| **NORTHERN NATURAL GAS COMPANY, BERKSHIRE HATHAWAY ENERGY COMPANY, GAYLE PALMER, DAN BROGDEN, MIKE MEYERS, BRIAN GARCIA, BRIAN MUNDT, MATT FINNEGAN, CHARLES RUSSELL AND SARAH ATHEN,** Individually and in their corporate capacities, | **EXHIBIT A** |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANT:**

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice.

The Plaintiff's attorney is E.J. Flynn whose address is Flynn Law Firm, P.L.C., 2900 100th Street, Ste. 304, Urbandale, Iowa 50322 and whose telephone number is (515) 270-1941 and whose facsimile number is (855) 296-3165.

You are further notified that unless, within 20 days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Linn County, at the county Courthouse in Dallas County, Iowa, a judgment by default will be rendered against you for the relief demanded in the Petition.

This case has been filed in a county that utilizes electronic filing. Please refer to the Iowa Court Rules, Chapter 16, for general rules and information on electronic filing. Please also note that Chapter 16, Division VI contains specific rules regarding protection of personal information in court filings. If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2943).

### IMPORTANT

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

E-FILED  2019 JUL 08 9:03 AM DALLAS - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV041859

*County* Dallas

*Case Title* REEVES V. NORTHERN NATURAL GAS COMPANY, ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**

Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**   . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 07/08/2019 09:03:05 AM



*District Clerk of* Dallas                    *County*

/s/ Linda Bever

## IN THE IOWA DISTRICT COURT IN AND FOR DALLAS COUNTY

| | | |
|---|---|---|
| JAMES REEVES, | * | |
| | * | |
| Plaintiff, | * | Case No. _____ |
| | * | |
| v. | * | |
| | * | **PETITION AT LAW** |
| NORTHERN NATURAL GAS COMPANY, | * | **AND JURY DEMAND** |
| BERKSHIRE HATHAWAY ENERGY | * | |
| COMPANY, GAYLE PALMER, DAN | * | |
| BROGDEN, MIKE MEYERS, BRIAN | * | |
| GARCIA, BRIAN MUNDT, MATT | * | |
| FINNEGAN, CHARLES RUSSELL | * | |
| AND SARAH ATHEN, Individually and in | * | |
| their Corporate Capacities, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**COMES NOW** the Plaintiff, James Reeves, by and through his attorneys, and for his cause of action against Defendants, Northern Natural Gas Company, Berkshire Hathaway Energy Company, Gayle Palmer, Dan Brogden, Mike Meyers, Brian Garcia, Brian Mundt, Matt Finnegan, Charles Russell and Sarah Athen states as follows:

### INTRODUCTION

1. This is an action to redress illegal harassment, discrimination and retaliation based upon disability and age in violation of the Iowa Civil Rights Act, Iowa Code § 216 (hereinafter referred to as the "Iowa Civil Rights Act or the ICRA") and wrongful termination in violation of public policy.

### JURISDICTION & VENUE

2. Jurisdiction of the Court is invoked pursuant to Iowa Code § 216, the Iowa Civil Rights Act and is proper as the amount in controversy exceeds the jurisdictional requirements of the Iowa District Courts in and for Dallas County.

1

E-FILED 2019 JUL 05 10:52 PM DALLAS - CLERK OF DISTRICT COURT

3.     The unlawful acts alleged herein were committed, among other places, in Dallas County, Iowa.

## PARTIES

4.     Plaintiff James Reeves (hereinafter referred to as "Plaintiff" or "Mr. Reeves") was at all times material hereto a citizen and resident of Dallas County, Iowa.

5.     Defendant Berkshire Hathaway Energy Company, f/k/a Maverick Reincorporation Sub, Inc. (hereinafter referred to as "BHE") is and was at all times material hereto an Iowa corporation doing business in Dallas County, Iowa and Polk County, Iowa with its principal place of business located in Polk County, Iowa and a wholly owned subsidiary, Defendant Northern Natural Gas Company, located in Dallas County, Iowa.

6.     Defendant Northern Natural Gas Company (hereinafter referred to as "Northern") is and was at all times material hereto a Delaware company and a wholly owned and controlled subsidiary of Defendant BHE, doing business in Dallas County, Iowa and Polk County, Iowa with a place of business located in Dallas County, Iowa.

7.     Defendant Gayle Palmer (hereinafter referred to as "Palmer") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Palmer was at all times material hereto Mr. Reeves' direct supervisor and a managerial employee and agent of Defendants Northern and BHE. Palmer participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition. Among other things, Palmer was one of the persons who ordered Mr. Reeves to misrepresent relevant facts during an investigation and made the decision to fire Mr. Reeves after nine (9) years of employment.

2

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

8.      Defendant Dan Brogden (hereinafter referred to as "Brogden") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Brogden was at all times material hereto Mr. Reeves' supervisor, a "safety specialist," and a managerial employee and agent of Defendants Northern and BHE. Brogden participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition. Among other things, Brogden was one of the persons who made the decision to fire Mr. Reeves.

9.      Defendant Mike Meyers (hereinafter referred to as "Meyers") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Meyers was at all times material hereto Mr. Reeves' supervisor, a "team leader," and a managerial employee and agent of Defendants Northern and BHE. Meyers participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition. Among other things, Meyers was one of the persons who made the decision to fire Mr. Reeves.

10.     Defendant Brian Garcia (hereinafter referred to as "Garcia") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Garcia was at all times material hereto Mr. Reeves' supervisor, a "director of operations," and a managerial employee and agent of Defendants Northern and BHE. Garcia participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition. Among other

3

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

things, Garcia was one of the persons who made the decision to fire Mr. Reeves after nine (9) years of employment.

11.    Defendant Brian Mundt (hereinafter referred to as "Mundt") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Mundt was at all times material hereto Mr. Reeves' supervisor, a "VP Operations," and a managerial employee and agent of Defendants Northern and BHE. Mundt participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition.

12.    Defendant Matt Finnegan (hereinafter referred to as "Finnegan") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Finnegan was at all times material hereto Mr. Reeves' supervisor, a "VP Resource Management," and a managerial employee and agent of Defendants Northern and BHE. Finnegan participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition.

13.    Defendant Charles Russell (hereinafter referred to as "Russell") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Russell was at all times material hereto Mr. Reeves' supervisor, a "HR Manger," and a managerial employee and agent of Defendants Northern and BHE. Russell participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein,

E-FILED 2019 JUL 05 10:52 PM DALLAS - CLERK OF DISTRICT COURT

including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition.

14. Defendant Sarah Athen (hereinafter referred to as "Athen") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Athen was at all times material hereto Mr. Reeves' supervisor, a "VP Operations," and a managerial employee and agent of Defendants Northern and BHE. Athen participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition.

15. Defendants BHE, Northern, Palmer, Brogden, Meyers, Garcia, Mundt, Finnegan, Russell and Athen (hereinafter collectively referred to as "Defendants") were at all times material hereto "employers" within the meaning of the Iowa Civil Rights Act. *See e.g.*, Iowa Code § 216.9.

16. Defendants Palmer, Brogden, Meyers, Garcia, Mundt, Finnegan, Russell and Athen were at all times material hereto agents and employees of Defendants BHE and Northern and "persons" within the meaning of the ICRA.

17. Plaintiff was at all times material hereto an "employee" of Defendants within the meaning of the ICRA.

## **CONDITIONS PRECEDENT**

18. Plaintiff filed, within 300 days from the date of the acts of which he complains, a Complaint with the Iowa Civil Rights Commission containing charges against Defendants, including the claims, facts and allegations set forth herein, which was cross-filed with the Equal Employment Opportunity Commission.

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

19.    On April 11, 2019, less than ninety (90) days prior to the filing of this Petition, the Iowa Civil Rights Commission issued an Administrative Release (Right-to-Sue Letter) to Mr. Reeves.

20.    Plaintiff has complied with all conditions precedent to the filing of this cause of action.

## FACTS

21.    Reeves worked for Defendants for more than nine (9) years.

22.    Reeves began working for Defendants as a senior operations and maintenance technician on March 6, 2009.

23.    Reeves was and is an excellent employee.

24.    During nine years of employment with Defendants, Reeves earned and received numerous promotions, bonuses and raises.

### Mr. Reeves' First Workplace Injury

25.    Reeves injured his left shoulder while working for Defendants during 2013 or 2014 ("Left Shoulder Injury").

26.    The next day, Reeves informed his direct supervisor, Defendant Palmer, and Defendants about the Left Shoulder Injury. Reeves presented to his doctor who recommended surgery. Approximately one week later, Reeves asked Palmer for permission to schedule the surgery. Reeves scheduled the surgery and was absent from work for three months.

### Mr. Reeves' Second Workplace Injury

27.    Reeves injured his right shoulder while working for Defendants during 2017 ("Right Shoulder Injury").

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

28.     The next day, Reeves informed Palmer and Defendants about the Right Shoulder Injury. Reeves also informed Palmer that he may not be able to install or remove certain large bolts as a result of the Right Shoulder Injury. Reeves requested an accommodation such that he was not required to install or remove certain large bolts. At that time, Palmer seemed irritated but stated Reeves could ask younger employees to assist him with installing and removing the larger bolts.

### Mr. Reeves' Third Workplace Injury

29.     On or about September 28, 2017, Reeves met with Palmer for his annual evaluation.

30.     During that meeting, Reeves again discussed his Right Shoulder Injury with Palmer and told Palmer that he was experiencing significant pain in his right shoulder. Reeves asked to consult with a doctor and receive medical treatment.

31.     While discussing these issues with Palmer, Reeves experienced pain in his chest.

32.     Reeves immediately told Palmer about the pain in his chest and stated that he would like to seek medical attention. Palmer allowed Reeves to seek medical attention but did not offer to provide any assistance to him.

33.     Reeves immediately left work and presented to a medical clinic. That same day, Reeves was transported from the medical clinic to the hospital.

34.     On September 29, 2017, Palmer and Defendants were informed that Reeves would require triple bypass heart surgery.

35.     On October 4, 2017, doctors performed a triple bypass heart surgery on Reeves. Palmer and Defendants were informed that doctors had performed the surgery that day.

36.     On or about October 5, 2017, Reeves was released from the hospital.

E-FILED  2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

37.     None of Defendants' employees or agents attempted to contact Reeves or ascertain Reeves' condition between September 28, 2017 and October 5, 2017.

38.     On or about October 15, 2017, Reeves told Meyers about the triple bypass heart surgery noted above and the diagnosis and condition related to his surgery ("Heart Condition") and further stated that his Heart Condition would require him to be absent from work for approximately ten weeks.

39.     Garcia's predecessor reprimanded and/or criticized Palmer and/or other employees for not assisting Reeves when he sought medical attention on September 28, 2017.

40.     On or about December 11, 2017, Reeves returned to work.

**Defendants Order Reeves to Misrepresent Relevant Facts**

41.     On February 28, 2018, Reeves asked his co-worker, Bryan Willis ("Willis"), to attach a strap to container so Reeves could move the container with a forklift. However, Willis attached the strap incorrectly and, as a result, the container toppled over while it was being moved with the forklift.

42.     As Reeves was on his way to a meeting to answer some questions regarding the incident noted above, Palmer and Defendants confronted Reeves and ordered Reeves misrepresent the facts and to report that he had been using a tractor, and not a forklift, to move the container. Palmer told Reeves that he had already misrepresented that a tractor was used, and Palmer wanted Reeves' version to match his version.

43.     Palmer and Defendants knowingly ordered Reeves to misrepresent the relevant facts in an attempt to mislead those who were investigating the incident.

44.     Palmer has admitted he ordered Reeves to report that he had been using a tractor, and not a forklift, to move the container.

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

45.    Reeves did not approve the misrepresentation at the time but wanted to keep his job. Reeves did as his supervisor, Palmer, had instructed.

46.    On or about March 12, 2018, Reeves specifically asked Palmer if any employees would be reprimanded or fired as a result of the incident noted above. Palmer responded: "No." Palmer further stated that the company investigation had been completed and that no employees would be reprimanded or fired.

47.    Prior to March 12, 2018, Defendants had not issued or conveyed any written or verbal "warnings," "write ups" or reprimands of any kind to Reeves.

### Reeves Requests Surgery for Right Shoulder Injury; Palmer Screams at Reeves

48.    Three days later, on or about March 15, 2018, Reeves told Palmer that shoulder surgery was required for his Right Shoulder Injury and that he had scheduled surgery for April 14, 2018, which would require Reeves to be absent from work for approximately three months.

49.    On March 15, 2018, Reeves requested a reasonable accommodation from Palmer and Defendants, e.g., that he be allowed to schedule shoulder surgery and time from work related to the surgery.

50.    Palmer shook his head and was extremely angry.

51.    In light of Palmer's reaction, Reeves offered to return to work earlier. Palmer did not respond to Reeves' offer.

52.    Rather, Palmer stood up and screamed at Reeves stating, among other things, that he "could not believe" Reeves was "having surgery again." Palmer left the room.

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

**Defendants Manufacture Pretextual Reason to Fire Reeves**

53.    On March 26, 2018, Garcia and Defendants confronted and harassed Reeves with various pretextual allegations related to the incident with the container which occurred on February 28, 2018.

54.    Among other things, Defendants claimed the results of the "investigation" was affected by the information Reeves provided – the very same inaccurate information which Palmer and Defendants ordered Reeves to provide.

55.    Defendants have subsequently claimed Garcia was not aware of the fact that Palmer, Garcia's subordinate at the time, and others ordered Reeves to state he had been using a tractor and not a forklift. However, Garcia's feigned ignorance is simply implausible. Garcia and the other Defendants, including each and every person who made or was involved in the decision to fire Reeves, was well aware, *before* the decision was made to fire Reeves, that Palmer and others had ordered Reeves to provide the information at issue – the very same information which Defendants ultimately used to fire Reeves.

56.    Similarly, Garcia and the other Defendants, including each and every person who made or was involved in the decision to fire Reeves, was well aware, *before* the decision was made to fire Reeves, that Reeves was disabled and had suffered the Left Shoulder Injury and Right Shoulder Injury and that doctors performed a triple bypass heart surgery on Reeves on October 4, 2017.

57.    When Defendants attached Reeves with the pretextual allegations on March 26, 2018, Reeves opposed and complained to Garcia and Defendants about unlawful disability-based and age-based harassment, discrimination and retaliation.

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

58.     Among other things, Reeves pointed out to Defendants that that these allegations were lodged just *eleven (11) days* after Palmer screamed at Reeves because he requested a reasonable accommodation (e.g., shoulder surgery and time from work), and just *fourteen (14) days* after Palmer assured Reeves that the investigation had been closed and that no employees would be reprimanded or terminated.

59.     Rather than acknowledge the dubious timing noted above, or reasonably respond to Reeves' previous request for an accommodation, Garcia and Defendants boldly ordered yet another misrepresentation. On this occasion, Garcia forced Reeves to sign a document indicating he had "resigned."

60.     More specifically, Garcia threw a blank document across the table at Reeves on March 26, 2018 and told Reeves that he could either create and sign a document indicating he had "resigned" or he would be fired immediately anyway.

61.     Defendants unlawfully terminated Reeves' employment on March 26, 2018.

62.     Prior to March 15, 2018 (the date Reeves requested right shoulder surgery, and Palmer screamed at Reeves for doing so), Defendants had not issued or conveyed any written or verbal "warnings," "write ups" or reprimands of any kind to Reeves.

63.     To the contrary, Defendants consistently issued positive annual written performance appraisals to Reeves each of the nine years he was employed by Defendants.

64.     Defendants unlawfully harassed, discriminated and retaliated against Reeves in many ways including, but not limited to, the following:

a.   treating Reeves differently than other employees;

b.   ignoring Reeves' previous complaints regarding unlawful harassment, discrimination and retaliation;

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

c.  allowing, encouraging and/or causing additional unlawful harassment, discrimination and retaliation;

d.  ignoring and/or denying and/or unreasonably responding to Reeves' requests for a reasonable accommodation, including his request for medical treatment for his shoulder;

e.  manufacturing and issuing various so-called reprimands to Reeves with pretextual allegations;

f.  disparaging Reeves by, among other things, stating or implying that Reeves had breached some particular policy or rule and neglecting to inform others that they, in fact, ordered Reeves to take the action at issue;

g.  attempting to dissuade and/or prevent Reeves from pursuing or continuing to pursue benefits including insurance benefits and/or workers' compensation benefits;

h.  unlawfully terminating Reeves' employment;

i.  knowingly misrepresenting the relevant facts and attempting to impede Reeves' ability to obtain workers' compensation insurance benefits;

j.  knowingly misrepresenting the relevant facts to Iowa Workforce Development ("IWD") and misleading IWD and attempting to impede Reeves' ability to obtain unemployment insurance benefits from IWD.

65.  Defendants were aware of Reeves' Left Shoulder Condition, Right Shoulder Condition and Heart Condition, which individually and collectively constituted disabilities pursuant to applicable law, when they decided to engage in the unlawful activity noted above.

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

66.  Defendants unlawfully harassed, discriminated and retaliated against Reeves for several reasons, including, but not limited to, the following:

    a.  because of Reeves' injuries and medical conditions and disabilities noted herein, including his Left Shoulder Injury, Right Shoulder Injury and Heart Condition which individually and collectively constituted actual and perceived disabilities;

    b.  because Reeves requested one or more reasonable accommodations related to his disabilities as noted above, including Reeves' requests for medical treatment and surgery for his right shoulder;

    c.  because of Reeves' age;

    d.  because Reeves lawfully opposed and complained about previous unlawful disability-based and age-based harassment and discrimination;

    e.  because Reeves suffered injuries while working for Defendants that were reported, and of which Defendants were aware, which entitled Reeves to benefits including insurance benefits and/or workers' compensation benefits, Reeves had indicated a desire to pursue these benefits, Reeves pursued such benefits, and Defendants wished to dissuade and/or prevent Reeves from pursuing these benefits or his rights pursuant to applicable law and/or retaliate against Reeves because he had pursued or may pursue workers' compensation benefits;

    f.  because Reeves previously complained about the discrimination, harassment and retaliation he experienced as a result of (a)-(e) above.

67.  Defendants hired, promoted or transferred one or more employees to perform some or all of the duties previously performed by Reeves who is/are younger than Reeves.

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

68.     The employee(s) who/that were hired, promoted or transferred to perform some or all of the duties previously performed by Reeves had not suffered workplace injuries.

69.     The employee(s) who/that were hired, promoted or transferred to perform some or all of the duties previously performed by Reeves had not opposed or complained about illegal harassment, discrimination or retaliation.

70.     The employee(s) who/that were hired, promoted or transferred to perform some or all of the duties previously performed by Reeves had not sought workers' compensation benefits, or filed workers' compensation claims against Defendants.

**COUNT I**
**VIOLATION OF THE IOWA CIVIL RIGHTS ACT**
**DISABILITY DISCRIMINATION, HARASSMENT AND RETALIATION**
**FAILURE TO ACCOMMODATE**
**(Against All Defendants)**

71.     Reeves incorporates all preceding paragraphs as if fully set forth herein.

72.     As a result of the Left Shoulder Injury, Right Shoulder Injury and Heart Condition noted above and herein , both independently and collectively, Reeves was disabled as defined within applicable law and significantly limited in his ability to participate in one or more major life activities including, but not limited to, lifting and working.

73.     Reeves' Left Shoulder Injury, Right Shoulder Injury and Heart Condition noted within the previous paragraph (collectively referred to herein as Reeves' "Disability" or "Disabilities") both independently and collectively constituted both actual and perceived disabilities pursuant to applicable law.

74.     During his employment with Defendants, including the dates following his Left Shoulder Injury, Right Shoulder Injury and Heart Condition, Reeves was significantly limited in

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

his ability to participate in one or more major life activities and was a person with a disability as defined within the ICRA, the Americans with Disabilities Act ("ADA") and applicable law.

75.    Reeves' Disability constituted an actual disability under the ICRA and the ADA.

76.    In addition, Reeves had a record of a disability and Defendants perceived that Reeves suffered from a disability, as that term is used and/or defined within the ICRA and the ADA and/or applicable law, during Reeves' employment with Defendants, including the dates following Reeves' Left Shoulder Injury, Right Shoulder Injury and Heart Condition.

77.    At all times material hereto, Reeves was qualified for his position with Defendants.

78.    At all times material hereto, Reeves was able to perform the essential functions of his position, and other available positions, with or without an accommodation.

79.    Defendants harassed and discriminated against Reeves with respect to terms and conditions of his employment because of his Disability in violation of the ICRA and applicable law. This included knowingly permitting, encouraging, influencing and/or controlling or causing illegal harassment and discrimination. Among other things, Palmer, Garcia and Defendants repeatedly harassed Reeves about his Disability and condition, ignored his requests for accommodations and manufactured various pretextual reasons to fire him, issued and/or conveyed such pretextual reasons to Reeves and others while knowing they were false, and fired Reeves after nine years of employment.

80.    Reeves' Disability was a motivating factor in the harassment and discrimination noted within the preceding paragraph.

81.    Defendants engaged in a continuing pattern and practice of unlawful harassment and discrimination because of Reeves' Disability in violation of the ICRA.

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

82. Further, Reeves engaged in protected activity when he opposed, and complained to Defendants about, the illegal disability-based harassment and discrimination he suffered as noted above and otherwise opposed illegal disability-based harassment and discrimination and other practices made unlawful by the ICRA during his employment with Defendants.

83. Rather than investigate Reeves' concerns or take any meaningful action, Defendants purposefully and maliciously retaliated against Reeves by further harassing and discriminating against him, including manufacturing various pretextual reasons to fire him, issuing or conveying such reprimands to him and unlawfully terminating his employment.

84. Reeves' complaints regarding disability-based harassment and discrimination were a factor motivating Defendants' decision to retaliate against him, including Defendants' decisions to manufacture various pretextual reasons to fire him, issue or convey such reprimands to him and unlawfully terminate Reeves' employment.

85. Moreover, Reeves requested one or more reasonable accommodations from Defendants, including the ability to obtain medical treatment and schedule surgery for his right shoulder and to be absent from work as a result of the Right Shoulder Injury.

86. Defendants refused and failed to accommodate Reeves.

87. Rather, Defendants ignored Reeves' reasonable requests and refused to engage in an interactive process in good faith to identify a reasonable accommodation for Reeves as required by applicable law.

88. Instead, Palmer, Garcia and Defendants fired Reeves on March 26, 2018, just days after Palmer screamed at Reeves for requesting an accommodation.

89. Plaintiff's termination was unrelated to his job performance or any claimed "reasons" for the termination proffered by Defendants.

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

90.     Defendants can offer no lawful reason for their treatment of Reeves, and any reason offered is a pretext for illegal harassment, discrimination and/or retaliation.

91.     Defendants hired one or more non-disabled individuals with less experience than Reeves to fill his former position and/or fulfill some or all of the duties associated with his former position.

92.     Defendants' conduct violated the ICRA.

93.     As a direct and proximate result of Defendants' acts and/or omissions noted herein, Reeves has in the past and will in the future suffer damages including emotional and mental anguish, humiliation, embarrassment and loss of enjoyment of life and has in the past and will in the future suffer loss of wages, loss of earning capacity, benefits, and other emoluments of employment.

94.     Defendants knew their conduct violated the ICRA and showed reckless disregard for whether their conduct violated the ICRA.

95.     Defendants acted intentionally, maliciously, willfully, wantonly and/or with reckless disregard for the rights of Plaintiff.

96.     The actions of Defendants noted herein warrant the imposition of specific equitable relief, including injunctive relief.

WHEREFORE Mr. Reeves respectfully prays that this Court enter judgment against the Defendants, individually and in their corporate capacities, in an amount which will fully and fairly compensate him for his injuries and damages including the following relief:

A.  That Defendants' conduct as set forth herein be declared to be an unlawful discriminatory practice within the meaning of Iowa Code § 216.6 and a violation of Mr. Reeves' rights as secured by the ICRA and applicable law;

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

B.   That Defendants and their officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith, be enjoined from any conduct violating Plaintiff's rights, or the rights of others similarly situated as secured by the ICRA;

C.   That Mr. Reeves be awarded all damages available to him pursuant to the ICRA and applicable law, including:

    (1)   An award of back pay and benefits, including all wages, salary, commissions, bonuses or other income, or opportunities to obtain such income (or the value of such opportunities) and all insurance, contributions, investments, retirement plans or other benefits or emoluments of employment, or opportunities to obtain such benefits (or the value of such benefits), which Plaintiff earned, or to which Plaintiff would have been entitled, from the date Plaintiff was fired, March 26, 2018, through trial in this matter, had Defendants not illegally fired him, with pre-judgment interest and all other applicable interest as provided by law;

    (2)   An award of front pay and benefits, including all wages, salary, commissions, bonuses or other income, or opportunities to obtain such income (or the value of such opportunities), and all insurance, contributions, investments, retirement plans or other benefits or emoluments of employment, or opportunities to obtain such benefits (or the value of such benefits), which Plaintiff would have earned or received, or to which Plaintiff would have been entitled, had Defendants not illegally fired him, with interest as provided by law, with front pay calculated for a period of five to fifteen years after the date of trial, or until such time as Plaintiff would have retired, or as the Court deems proper;

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

     (3) An award of compensatory damages including appropriate damages for past and future mental and emotional pain, suffering, inconvenience, distress, fear, anguish, humiliation, intimidation, embarrassment, physical sickness and loss of enjoyment of life, suffered by Plaintiff as a result of Defendants' acts and/or omissions;

     (4) An adjudication that Plaintiff is entitled to reasonable attorneys' fees and the costs and expenses of this action;

     (5) An award of pre-judgment interest as provided by law;

D. An adjudication that Plaintiff is entitled to relief in the form of injunctive relief requiring the following:

     (1) That Defendants remove all misrepresentations from Mr. Reeves' employment record;

     (2) That Defendants conduct a full investigation regarding the treatment of all of their current or former employees in Iowa who opposed or complained about equitable treatment, harassment or discrimination or retaliation and/or were over 40 years old and/or were disabled or perceived as disabled and were reprimanded, disciplined or fired within the last ten years, to independently determine the merit of such concerns, and that Defendants pay damages, as set forth above, to any such employee who raised a meritorious complaint or who had their complaint ignored;

     (3) That Defendants provide training to all supervisory employees regarding how to prevent similar harassment, discrimination and retaliation and protect others similarly-situated and monitor the environment in workplaces operated by

Defendants in Iowa to assure that employees are not being treated unfairly in violation of the ICRA and/or based upon disability, real or perceived, or age or retaliated against because they opposed harassment, discrimination or retaliation and report annually to the Court for a period of three years regarding the training provided, Defendants' monitoring and its effectiveness;

E. That Plaintiff be awarded such additional and further relief as the Court deems just and proper or necessary to effectuate the purpose of the Iowa Civil Rights Act.

<u>**COUNT II**</u>
**VIOLATION OF THE IOWA CIVIL RIGHTS ACT**
**AGE DISCRIMINATION, HARASSMENT AND RETALIATION**
**(Against All Defendants)**

97.    Reeves incorporates and all preceding paragraphs as if fully set forth herein.

98.    Defendants harassed and discriminated against Reeves with respect to terms and conditions of his employment because of his age in violation of the ICRA. This included knowingly permitting, encouraging, influencing and/or controlling or causing illegal harassment and discrimination. Among other things, Palmer, Garcia and Defendants repeatedly harassed Reeves about his Disability and condition, manufactured various pretextual reasons to fire him, issued and/or conveyed such pretextual reasons to Reeves and others while knowing they were false, and fired Reeves after nine years of employment.

99.    Reeves' age was a motivating factor in the harassment and discrimination noted within the previous paragraph and herein, including Defendants' decision to fire Reeves.

100.  Defendants engaged in a continuing pattern and practice of unlawful harassment and discrimination because of Reeves' age in violation of the ICRA.

101.  Further, Reeves engaged in protected activity when he opposed, and complained to Defendants about, the illegal age-based harassment and discrimination he suffered as noted

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

above and herein and otherwise opposed illegal age-based harassment and discrimination and other practices made unlawful by the ICRA during his employment with Defendants.

102.  Rather than investigate Reeves' concerns, Defendants purposefully and maliciously retaliated against Reeves by further harassing and discriminating against him, including manufacturing various pretextual reasons to fire him, issuing or conveying such reprimands to him and unlawfully terminating his employment.

103.  Reeves' complaints regarding age-based harassment and discrimination were a factor motivating Defendants' decision to retaliate against him, including Defendants' decisions to manufacture various pretextual reasons to fire him, issue or convey such reprimands to him and unlawfully terminate Reeves' employment.

104.  Plaintiff's termination was unrelated to his job performance or any of the alleged "reasons" proffered by Defendants.

105.  Defendants can offer no lawful reason for their treatment of Reeves, and any reason offered is a pretext for illegal harassment, discrimination and/or retaliation.

106.  Reeves was forty-six years old when he began working for Defendants.

107.  Reeves was fifty-five years old when Defendants fired him.

108.  Defendants hired a younger individual with less experience than Reeves to fill his former position and/or fulfill some or all of the duties associated with his former position.

109.  Defendants' conduct violated the ICRA.

110.  As a direct and proximate result of Defendants' acts and/or omissions noted herein, Reeves has in the past and will in the future suffer damages including emotional and mental anguish, humiliation, embarrassment and loss of enjoyment of life and has in the past and will in

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

the future suffer loss of wages, loss of earning capacity, benefits, and other emoluments of employment.

111.  Defendants knew their conduct violated the Iowa Civil Rights Act and/or showed reckless disregard for whether their conduct violated the ICRA.

112.  Defendants acted intentionally, maliciously, willfully, wantonly and/or with reckless disregard for the rights of Plaintiff.

113.  The actions of Defendants noted herein warrant the imposition of specific equitable relief, including injunctive relief.

WHEREFORE Mr. Reeves respectfully prays that this Court enter judgment against the Defendants, individually and in their corporate capacities, in an amount which will fully and fairly compensate him for his injuries and damages including the following relief:

A.  That Defendants' conduct as set forth herein be declared to be an unlawful discriminatory practice within the meaning of Iowa Code § 216.6 and a violation of Mr. Reeves' rights as secured by the ICRA and applicable law;

B.  That Defendants and their officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith, be enjoined from any conduct violating Plaintiff's rights, or the rights of others similarly situated as secured by the ICRA;

C.  That Mr. Reeves be awarded all damages available to him pursuant to the ICRA and applicable law, including:

(1) An award of back pay and benefits, including all wages, salary, commissions, bonuses or other income, or opportunities to obtain such income (or the value of such opportunities) and all insurance, contributions, investments, retirement plans or other benefits or emoluments of employment, or opportunities to obtain such

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

benefits (or the value of such benefits), which Plaintiff earned, or to which Plaintiff would have been entitled, from the date Plaintiff was fired,       , through trial in this matter, had Defendants not illegally fired him, with pre-judgment interest and all other applicable interest as provided by law;

(2) An award of front pay and benefits, including all wages, salary, commissions, bonuses or other income, or opportunities to obtain such income (or the value of such opportunities), and all insurance, contributions, investments, retirement plans or other benefits or emoluments of employment, or opportunities to obtain such benefits (or the value of such benefits), which Plaintiff would have earned or received, or to which Plaintiff would have been entitled, had Defendants not illegally fired him, with interest as provided by law, with front pay calculated for a period of five to fifteen years after the date of trial, or until such time as Plaintiff would have retired, or as the Court deems proper;

(3) An award of compensatory damages including appropriate damages for past and future mental and emotional pain, suffering, inconvenience, distress, fear, anguish, humiliation, intimidation, embarrassment, physical sickness and loss of enjoyment of life, suffered by Plaintiff as a result of Defendants' acts and/or omissions;

(4) An adjudication that Plaintiff is entitled to reasonable attorneys' fees and the costs and expenses of this action;

(5) An award of pre-judgment interest as provided by law;

D. An adjudication that Plaintiff is entitled to relief in the form of injunctive relief requiring the following:

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

(1) That Defendants remove all misrepresentations from Mr. Reeves' employment record;

(2) That Defendants conduct a full investigation regarding the treatment of all of their current or former employees in Iowa who opposed or complained about equitable treatment, harassment or discrimination or retaliation and/or were over 40 years old and/or were disabled or perceived as disabled and were reprimanded, disciplined or fired within the last ten years, to independently determine the merit of such concerns, and that Defendants pay damages, as set forth above, to any such employee who raised a meritorious complaint or who had their complaint ignored;

(3) That Defendants provide training to all supervisory employees regarding how to prevent similar harassment, discrimination and retaliation and protect others similarly-situated and monitor the environment in workplaces operated by Defendants in Iowa to assure that employees are not being treated unfairly in violation of the ICRA and/or based upon disability, real or perceived, or age or retaliated against because they opposed harassment, discrimination or retaliation and report annually to the Court for a period of three years regarding the training provided, Defendants' monitoring and its effectiveness;

E.  That Plaintiff be awarded such additional and further relief as the Court deems just and proper or necessary to effectuate the purpose of the Iowa Civil Rights Act.

E-FILED  2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

## COUNT III
### WRONGFUL TERMINATION IN VIOLATION OF IOWA PUBLIC POLICY
### WORKERS' COMPENSATION RETALIATION
### (Against All Defendants)

114.  Reeves incorporates all preceding paragraphs as if fully set forth herein.

115.  Reeves sustained several work-related injuries while working for Defendants.

116.  Reeves timely informed Defendants about the injuries he sustained while working for Defendants in accordance with applicable law.

117.  Reeves was eligible to pursue, and did pursue, workers' compensation benefits in connection with his work-related injuries.

118.  Reeves ultimately hired counsel and filed a claim against Defendant Northern Natural Gas Company and/or its workers' compensation insurer for workers' compensation benefits related to his work-related injuries.

119.  It is the public policy of the State of Iowa, pursuant to Iowa Code Chapter 85, that employers may not fire or otherwise retaliate against employees because they suffered or reported a workplace injury, or may suffer or report a workplace injury, of because they may seek to complete or file a workers compensation' report or first report of injury form, or because they may pursue, or did pursue, work related benefits including workers' compensation benefits, including any efforts to dissuade an employee from pursuing work related benefits including workers' compensation benefits or retaliate against any employee because they pursued workers' compensation benefits.

120.  In violation of the public policy of the State of Iowa, Defendants harassed Reeves and fired Reeves in whole or in part because he suffered and/or reported one or more workplace injuries as noted above and/or because Reeves sought to pursue workers' compensation benefits and/or because Defendants wanted to dissuade or prevent Reeves from pursuing, or further

E-FILED  2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

pursuing, workers compensation' benefits, and/or because Defendants wanted to retaliate against Reeves for pursuing workers' compensation benefits or any of the activity noted within this paragraph.

121.  Reeves' injuries and the facts noted within the previous paragraph were a determinative factor in Defendants' decision to harass and retaliate against Reeves and fire Reeves on March 26, 2018.

122.  If not addressed and remedied, such actions would contravene and subvert well-recognized and defined public policies of the State of Iowa.

123.  As a direct and proximate result of Defendants' unlawful acts and/or omissions noted within this Petition, Reeves has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, lost wages, benefits, future earnings, and other benefits and emoluments of employment.

124.   Defendants knew their conduct violated the public policy of the State of Iowa and/or showed reckless disregard for whether their conduct violated the public policy of the State of Iowa. Defendants acted with legal malice and/or reckless disregard for Plaintiff's rights.

125.  Accordingly, Plaintiff is entitled to punitive damages.

WHEREFORE the Plaintiff respectfully prays that this Court issue an Order declaring that the Defendants violated applicable law as set forth herein and enter judgment against the Defendants jointly and severally, individually and in their corporate capacities in an amount which will fully and fairly compensate Plaintiff for Plaintiff's injuries and damages including but not limited to damages for emotional distress, mental anguish, compensatory relief, punitive

E-FILED 2019 JUL 05 10:02 PM DALLAS - CLERK OF DISTRICT COURT

damages, reasonable attorneys' fees, court costs with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial with regard to all claims set forth herein.


Respectfully Submitted,

**FLYNN LAW FIRM, P.L.C.**

/s/ E.J. Flynn
E.J. Flynn    AT0009633
2900 100th St., Ste. 304
Urbandale, Iowa 50322
Telephone: (515) 270-1941
Facsimile:  (855) 331-6509
E-mail: ejflynn@flynnlawia.com

ATTORNEYS FOR PLAINTIFF

E-FILED 2019 JUL 08 2:16 PM DALLAS - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| **JAMES REEVES**, | Case No.: _____ |
| Plaintiff, | |
| v. | |
| **NORTHERN NATURAL GAS COMPANY, BERKSHIRE HATHAWAY ENERGY COMPANY, GAYLE PALMER, DAN BROGDEN, MIKE MEYERS, BRIAN GARCIA, BRIAN MUNDT, MATT FINNEGAN, CHARLES RUSSELL AND SARAH ATHEN,** Individually and in their corporate capacities, | **ORIGINAL NOTICE** |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANT:**

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice.

The Plaintiff's attorney is E.J. Flynn whose address is Flynn Law Firm, P.L.C., 2900 100th Street, Ste. 304, Urbandale, Iowa 50322 and whose telephone number is (515) 270-1941 and whose facsimile number is (855) 296-3165.

You are further notified that unless, within 20 days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file a motion or answer in the Iowa District Court for Dallas County, at the county Courthouse in Dallas County, Iowa, a judgment by default will be rendered against you for the relief demanded in the Petition.

This case has been filed in a county that utilizes electronic filing. Please refer to the Iowa Court Rules, Chapter 16, for general rules and information on electronic filing. Please also note that Chapter 16, Division VI contains specific rules regarding protection of personal information in court filings. If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2943).

**IMPORTANT**

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

E-FILED 2019 JUL 08 2:27 PM DALLAS - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV041859

*County* Dallas

*Case Title* REEVES VS NORTHERN NATURAL GAS COMPANY ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**    . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 07/08/2019 02:27:19 PM



*District Clerk of* Dallas                    *County*

/s/ Linda Bever

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | | |
|---|---|---|
| | * | |
| **JAMES REEVES**, | * | |
| | * | |
| Plaintiff, | * | Case No. LACV041859 |
| | * | |
| v. | * | |
| | * | **FIRST AMENDED PETITION AT LAW** |
| **NORTHERN NATURAL GAS COMPANY,** | * | **AND JURY DEMAND** |
| **BERKSHIRE HATHAWAY ENERGY** | * | |
| **COMPANY, GAYLE PALMER, DAN** | * | |
| **BROGDEN, MIKE MEYERS, BRIAN** | * | |
| **GARCIA, BRIAN MUNDT, MATT** | * | |
| **FINNEGAN, CHARLES RUSSELL** | * | |
| **AND SARAH ATHEN, Individually and in** | * | |
| **their Corporate Capacities,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

**COMES NOW** the Plaintiff, James Reeves, by and through his attorneys, and for his

cause of action against Defendants, Northern Natural Gas Company, Berkshire Hathaway

Energy Company, Gayle Palmer, Dan Brogden, Mike Meyers, Brian Garcia, Brian Mundt, Matt

Finnegan, Charles Russell and Sarah Athen states as follows:

### INTRODUCTION

1.      This is an action to redress illegal harassment, discrimination and retaliation based

upon disability and age in violation of the Iowa Civil Rights Act, Iowa Code § 216 (hereinafter

referred to as the "Iowa Civil Rights Act or the ICRA") and wrongful termination in violation of

public policy.

### JURISDICTION & VENUE

2.      Jurisdiction of the Court is invoked pursuant to Iowa Code § 216, the Iowa Civil

Rights Act and is proper as the amount in controversy exceeds the jurisdictional requirements of

the Iowa District Courts in and for Dallas County.

1

3.     The unlawful acts alleged herein were committed, among other places, in Dallas County, Iowa.

### PARTIES

4.     Plaintiff James Reeves (hereinafter referred to as "Plaintiff" or "Mr. Reeves") was at all times material hereto, including March 6, 2009 to May 13, 2018, a citizen and resident of Dallas County, Iowa. Reeves currently resides in Hinds County, Mississippi, but Reeves and his spouse have also maintained a residence in Mason City, Cerro Gordo County, Iowa.

5.     Defendant Berkshire Hathaway Energy Company, f/k/a Maverick Reincorporation Sub, Inc. (hereinafter referred to as "BHE") is and was at all times material hereto an Iowa corporation doing business in Dallas County, Iowa and Polk County, Iowa with its principal place of business located in Polk County, Iowa and a wholly owned subsidiary, Defendant Northern Natural Gas Company, located in Dallas County, Iowa.

6.     Defendant Northern Natural Gas Company (hereinafter referred to as "Northern") is and was at all times material hereto a Delaware company and a wholly owned and controlled subsidiary of Defendant BHE, doing business in Dallas County, Iowa and Polk County, Iowa with a place of business located in Dallas County, Iowa.

7.     Defendant Gayle Palmer (hereinafter referred to as "Palmer") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Palmer was at all times material hereto Mr. Reeves' direct supervisor and a managerial employee and agent of Defendants Northern and BHE. Palmer participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition. Among other things, Palmer was one of

2

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

the persons who ordered Mr. Reeves to misrepresent relevant facts during an investigation and made the decision to fire Mr. Reeves after nine (9) years of employment.

8.      Defendant Dan Brogden (hereinafter referred to as "Brogden") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Brogden was at all times material hereto Mr. Reeves' supervisor, a "safety specialist," and a managerial employee and agent of Defendants Northern and BHE. Brogden participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition. Among other things, Brogden was one of the persons who made the decision to fire Mr. Reeves.

9.      Defendant Mike Meyers (hereinafter referred to as "Meyers") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Meyers was at all times material hereto Mr. Reeves' supervisor, a "team leader," and a managerial employee and agent of Defendants Northern and BHE. Meyers participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition. Among other things, Meyers was one of the persons who made the decision to fire Mr. Reeves.

10.     Defendant Brian Garcia (hereinafter referred to as "Garcia") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Garcia was at all times material hereto Mr. Reeves' supervisor, a "director of operations," and a managerial employee and agent of Defendants Northern and BHE. Garcia participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including

3

the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition. Among other things, Garcia was one of the persons who made the decision to fire Mr. Reeves after nine (9) years of employment.

11.     Defendant Brian Mundt (hereinafter referred to as "Mundt") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Mundt was at all times material hereto Mr. Reeves' supervisor, a "VP Operations," and a managerial employee and agent of Defendants Northern and BHE. Mundt participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition.

12.     Defendant Matt Finnegan (hereinafter referred to as "Finnegan") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Finnegan was at all times material hereto Mr. Reeves' supervisor, a "VP Resource Management," and a managerial employee and agent of Defendants Northern and BHE. Finnegan participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition.

13.     Defendant Charles Russell (hereinafter referred to as "Russell") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Russell was at all times material hereto Mr. Reeves' supervisor, a "HR Manger," and a managerial employee and agent of Defendants Northern and BHE. Russell participated in, influenced and controlled the

4

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition.

14.   Defendant Sarah Athen (hereinafter referred to as "Athen") is and was at all times material hereto a citizen and resident of Dallas County, Iowa. Athen was at all times material hereto Mr. Reeves' supervisor, a "VP Operations," and a managerial employee and agent of Defendants Northern and BHE. Athen participated in, influenced and controlled the decisions to unlawfully harass, discriminate and retaliate against Mr. Reeves as set forth herein, including the decision to fire Mr. Reeves, and the unlawful harassment, discrimination, retaliation, wrongful termination and other unlawful actions described within this Petition.

15.   Defendants BHE, Northern, Palmer, Brogden, Meyers, Garcia, Mundt, Finnegan, Russell and Athen (hereinafter collectively referred to as "Defendants") were at all times material hereto "employers" within the meaning of the Iowa Civil Rights Act. *See e.g.*, Iowa Code § 216.9.

16.   Defendants Palmer, Brogden, Meyers, Garcia, Mundt, Finnegan, Russell and Athen were at all times material hereto agents and employees of Defendants BHE and Northern and "persons" within the meaning of the ICRA.

17.   Plaintiff was at all times material hereto an "employee" of Defendants within the meaning of the ICRA.

## CONDITIONS PRECEDENT

18.   Plaintiff filed, within 300 days from the date of the acts of which he complains, a Complaint with the Iowa Civil Rights Commission containing charges against Defendants,

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

including the claims, facts and allegations set forth herein, which was cross-filed with the Equal Employment Opportunity Commission.

19.    On April 11, 2019, less than ninety (90) days prior to the filing of this Petition, the Iowa Civil Rights Commission issued an Administrative Release (Right-to-Sue Letter) to Mr. Reeves.

20.    Plaintiff has complied with all conditions precedent to the filing of this cause of action.

## FACTS

21.    Reeves worked for Defendants for more than nine (9) years.

22.    Reeves began working for Defendants as a senior operations and maintenance technician on March 6, 2009.

23.    Reeves was and is an excellent employee.

24.    During nine years of employment with Defendants, Reeves earned and received numerous promotions, bonuses and raises.

### Mr. Reeves' First Workplace Injury

25.    Reeves injured his left shoulder while working for Defendants during 2013 or 2014 ("Left Shoulder Injury").

26.    The next day, Reeves informed his direct supervisor, Defendant Palmer, and Defendants about the Left Shoulder Injury. Reeves presented to his doctor who recommended surgery. Approximately one week later, Reeves asked Palmer for permission to schedule the surgery. Reeves scheduled the surgery and was absent from work for three months.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

### Mr. Reeves' Second Workplace Injury

27.     Reeves injured his right shoulder while working for Defendants during 2017

("Right Shoulder Injury").

28.     The next day, Reeves informed Palmer and Defendants about the Right Shoulder

Injury. Reeves also informed Palmer that he may not be able to install or remove certain large

bolts as a result of the Right Shoulder Injury. Reeves requested an accommodation such that he

was not required to install or remove certain large bolts. At that time, Palmer seemed irritated but

stated Reeves could ask younger employees to assist him with installing and removing the larger

bolts.

### Mr. Reeves' Third Workplace Injury

29.     On or about September 28, 2017, Reeves met with Palmer for his annual evaluation.

30.     During that meeting, Reeves again discussed his Right Shoulder Injury with Palmer

and told Palmer that he was experiencing significant pain in his right shoulder. Reeves asked to

consult with a doctor and receive medical treatment.

31.     While discussing these issues with Palmer, Reeves experienced pain in his chest.

32.     Reeves immediately told Palmer about the pain in his chest and stated that he would

like to seek medical attention. Palmer allowed Reeves to seek medical attention but did not offer

to provide any assistance to him.

33.     Reeves immediately left work and presented to a medical clinic. That same day,

Reeves was transported from the medical clinic to the hospital.

34.     On September 29, 2017, Palmer and Defendants were informed that Reeves would

require triple bypass heart surgery.

7

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

35.    On October 4, 2017, doctors performed a triple bypass heart surgery on Reeves. Palmer and Defendants were informed that doctors had performed the surgery that day.

36.    On or about October 5, 2017, Reeves was released from the hospital.

37.    None of Defendants' employees or agents attempted to contact Reeves or ascertain Reeves' condition between September 28, 2017 and October 5, 2017.

38.    On or about October 15, 2017, Reeves told Meyers about the triple bypass heart surgery noted above and the diagnosis and condition related to his surgery ("Heart Condition") and further stated that his Heart Condition would require him to be absent from work for approximately ten weeks.

39.    Garcia's predecessor reprimanded and/or criticized Palmer and/or other employees for not assisting Reeves when he sought medical attention on September 28, 2017.

40.    On or about December 11, 2017, Reeves returned to work.

**Defendants Order Reeves to Misrepresent Relevant Facts**

41.    On February 28, 2018, Reeves asked his co-worker, Bryan Willis ("Willis"), to attach a strap to container so Reeves could move the container with a forklift. However, Willis attached the strap incorrectly and, as a result, the container toppled over while it was being moved with the forklift.

42.    As Reeves was on his way to a meeting to answer some questions regarding the incident noted above, Palmer and Defendants confronted Reeves and ordered Reeves misrepresent the facts and to report that he had been using a tractor, and not a forklift, to move the container. Palmer told Reeves that he had already misrepresented that a tractor was used, and Palmer wanted Reeves' version to match his version.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

43.    Palmer and Defendants knowingly ordered Reeves to misrepresent the relevant facts in an attempt to mislead those who were investigating the incident.

44.    Palmer has admitted he ordered Reeves to report that he had been using a tractor, and not a forklift, to move the container.

45.    Reeves did not approve the misrepresentation at the time but wanted to keep his job. Reeves did as his supervisor, Palmer, had instructed.

46.    On or about March 12, 2018, Reeves specifically asked Palmer if any employees would be reprimanded or fired as a result of the incident noted above. Palmer responded: "No." Palmer further stated that the company investigation had been completed and that no employees would be reprimanded or fired.

47.    Prior to March 12, 2018, Defendants had not issued or conveyed any written or verbal "warnings," "write ups" or reprimands of any kind to Reeves.

**Reeves Requests Surgery for Right Shoulder Injury; Palmer Screams at Reeves**

48.    Three days later, on or about March 15, 2018, Reeves told Palmer that shoulder surgery was required for his Right Shoulder Injury and that he had scheduled surgery for April 14, 2018, which would require Reeves to be absent from work for approximately three months.

49.    On March 15, 2018, Reeves requested a reasonable accommodation from Palmer and Defendants, e.g., that he be allowed to schedule shoulder surgery and time from work related to the surgery.

50.    Palmer shook his head and was extremely angry.

51.    In light of Palmer's reaction, Reeves offered to return to work earlier. Palmer did not respond to Reeves' offer.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

52.    Rather, Palmer stood up and screamed at Reeves stating, among other things, that he "could not believe" Reeves was "having surgery again." Palmer left the room.

### Defendants Manufacture Pretextual Reason to Fire Reeves

53.    On March 26, 2018, Garcia and Defendants confronted and harassed Reeves with various pretextual allegations related to the incident with the container which occurred on February 28, 2018.

54.    Among other things, Defendants claimed the results of the "investigation" was affected by the information Reeves provided – the very same inaccurate information which Palmer and Defendants ordered Reeves to provide.

55.    Defendants have subsequently claimed Garcia was not aware of the fact that Palmer, Garcia's subordinate at the time, and others ordered Reeves to state he had been using a tractor and not a forklift. However, Garcia's feigned ignorance is simply implausible. Garcia and the other Defendants, including each and every person who made or was involved in the decision to fire Reeves, was well aware, *before* the decision was made to fire Reeves, that Palmer and others had ordered Reeves to provide the information at issue – the very same information which Defendants ultimately used to fire Reeves.

56.    Similarly, Garcia and the other Defendants, including each and every person who made or was involved in the decision to fire Reeves, was well aware, *before* the decision was made to fire Reeves, that Reeves was disabled and had suffered the Left Shoulder Injury and Right Shoulder Injury and that doctors performed a triple bypass heart surgery on Reeves on October 4, 2017.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

57.     When Defendants attached Reeves with the pretextual allegations on March 26, 2018, Reeves opposed and complained to Garcia and Defendants about unlawful disability-based and age-based harassment, discrimination and retaliation.

58.     Among other things, Reeves pointed out to Defendants that that these allegations were lodged just *eleven (11) days* after Palmer screamed at Reeves because he requested a reasonable accommodation (e.g., shoulder surgery and time from work), and just *fourteen (14) days* after Palmer assured Reeves that the investigation had been closed and that no employees would be reprimanded or terminated.

59.     Rather than acknowledge the dubious timing noted above, or reasonably respond to Reeves' previous request for an accommodation, Garcia and Defendants boldly ordered yet another misrepresentation. On this occasion, Garcia forced Reeves to sign a document indicating he had "resigned."

60.     More specifically, Garcia threw a blank document across the table at Reeves on March 26, 2018 and told Reeves that he could either create and sign a document indicating he had "resigned" or he would be fired immediately anyway.

61.     Defendants unlawfully terminated Reeves' employment on March 26, 2018.

62.     Prior to March 15, 2018 (the date Reeves requested right shoulder surgery, and Palmer screamed at Reeves for doing so), Defendants had not issued or conveyed any written or verbal "warnings," "write ups" or reprimands of any kind to Reeves.

63.     To the contrary, Defendants consistently issued positive annual written performance appraisals to Reeves each of the nine years he was employed by Defendants.

64.     Defendants unlawfully harassed, discriminated and retaliated against Reeves in many ways including, but not limited to, the following:

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

a.   treating Reeves differently than other employees;

b.   ignoring Reeves' previous complaints regarding unlawful harassment, discrimination and retaliation;

c.   allowing, encouraging and/or causing additional unlawful harassment, discrimination and retaliation;

d.   ignoring and/or denying and/or unreasonably responding to Reeves' requests for a reasonable accommodation, including his request for medical treatment for his shoulder;

e.   manufacturing and issuing various so-called reprimands to Reeves with pretextual allegations;

f.   disparaging Reeves by, among other things, stating or implying that Reeves had breached some particular policy or rule and neglecting to inform others that they, in fact, ordered Reeves to take the action at issue;

g.   attempting to dissuade and/or prevent Reeves from pursuing or continuing to pursue benefits including insurance benefits and/or workers' compensation benefits;

h.   unlawfully terminating Reeves' employment;

i.   knowingly misrepresenting the relevant facts and attempting to impede Reeves' ability to obtain workers' compensation insurance benefits;

j.   knowingly misrepresenting the relevant facts to Iowa Workforce Development ("IWD") and misleading IWD and attempting to impede Reeves' ability to obtain unemployment insurance benefits from IWD.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

65.     Defendants were aware of Reeves' Left Shoulder Condition, Right Shoulder Condition and Heart Condition, which individually and collectively constituted disabilities pursuant to applicable law, when they decided to engage in the unlawful activity noted above.

66.     Defendants unlawfully harassed, discriminated and retaliated against Reeves for several reasons, including, but not limited to, the following:

    a.   because of Reeves' injuries and medical conditions and disabilities noted herein, including his Left Shoulder Injury, Right Shoulder Injury and Heart Condition which individually and collectively constituted actual and perceived disabilities;

    b.   because Reeves requested one or more reasonable accommodations related to his disabilities as noted above, including Reeves' requests for medical treatment and surgery for his right shoulder;

    c.   because of Reeves' age;

    d.   because Reeves lawfully opposed and complained about previous unlawful disability-based and age-based harassment and discrimination;

    e.   because Reeves suffered injuries while working for Defendants that were reported, and of which Defendants were aware, which entitled Reeves to benefits including insurance benefits and/or workers' compensation benefits, Reeves had indicated a desire to pursue these benefits, Reeves pursued such benefits, and Defendants wished to dissuade and/or prevent Reeves from pursuing these benefits or his rights pursuant to applicable law and/or retaliate against Reeves because he had pursued or may pursue workers' compensation benefits;

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

    f.   because Reeves opposed and complained about unsafe and/or illegal workplace conditions including, but not limited to, the fact that Defendants often attempted to discourage reporting workplace accidents by reducing employees pay when they sustained a workplace accident, which created an illegal and unsafe workplace;

    g.   because Reeves opposed and complained about unsafe and/or illegal workplace conditions including, but not limited to, the fact that Palmer, Meyers, Garcia and Defendants actively forced Reeves to misrepresent specific facts related to the workplace accident which occurred on February 28, 2018, which inhibited any legitimate investigation and created an illegal and unsafe workplace;

    h.   because Reeves previously complained about the discrimination, harassment and retaliation he experienced as a result of (a)-(g) above.

67.   Defendants hired, promoted or transferred one or more employees to perform some or all of the duties previously performed by Reeves who is/are younger than Reeves.

68.   The employee(s) who/that were hired, promoted or transferred to perform some or all of the duties previously performed by Reeves had not suffered workplace injuries.

69.   The employee(s) who/that were hired, promoted or transferred to perform some or all of the duties previously performed by Reeves had not opposed or complained about illegal harassment, discrimination or retaliation.

70.   The employee(s) who/that were hired, promoted or transferred to perform some or all of the duties previously performed by Reeves had not sought workers' compensation benefits, or filed workers' compensation claims against Defendants or complained about illegal or unsafe working conditions.

E-FILED  2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

## COUNT I
### VIOLATION OF THE IOWA CIVIL RIGHTS ACT
### DISABILITY DISCRIMINATION, HARASSMENT AND RETALIATION
### FAILURE TO ACCOMMODATE
### (Against All Defendants)

71.    Reeves incorporates all preceding paragraphs as if fully set forth herein.

72.    As a result of the Left Shoulder Injury, Right Shoulder Injury and Heart Condition noted above and herein, both independently and collectively, Reeves was disabled as defined within applicable law and significantly limited in his ability to participate in one or more major life activities including, but not limited to, lifting and working.

73.    Reeves' Left Shoulder Injury, Right Shoulder Injury and Heart Condition noted within the previous paragraph (collectively referred to herein as Reeves' "Disability" or "Disabilities") both independently and collectively constituted both actual and perceived disabilities pursuant to applicable law.

74.    During his employment with Defendants, including the dates following his Left Shoulder Injury, Right Shoulder Injury and Heart Condition, Reeves was significantly limited in his ability to participate in one or more major life activities and was a person with a disability as defined within the ICRA, the Americans with Disabilities Act ("ADA") and applicable law.

75.    Reeves' Disability constituted an actual disability under the ICRA and the ADA.

76.    In addition, Reeves had a record of a disability and Defendants perceived that Reeves suffered from a disability, as that term is used and/or defined within the ICRA and the ADA and/or applicable law, during Reeves' employment with Defendants, including the dates following Reeves' Left Shoulder Injury, Right Shoulder Injury and Heart Condition.

77.    At all times material hereto, Reeves was qualified for his position with Defendants and other positions with Defendants, which Defendants refused to make available to Reeves.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

78.     At all times material hereto, Reeves was able to perform the essential functions of his position, and other available positions, with or without an accommodation.

79.     Defendants harassed and discriminated against Reeves with respect to terms and conditions of his employment because of his Disability, as defined above, in violation of the ICRA and applicable law. This included knowingly permitting, encouraging, influencing and/or controlling or causing illegal harassment and discrimination. Among other things, Palmer, Garcia and Defendants repeatedly harassed Reeves about his Disability and condition, ignored his requests for accommodations and manufactured various pretextual reasons to fire him, issued and/or conveyed such pretextual reasons to Reeves and others while knowing they were false, and fired Reeves after nine years of employment.

80.     Reeves' Disability, as defined above, was a motivating factor in the harassment and discrimination noted within the preceding paragraph.

81.     Defendants engaged in a continuing pattern and practice of unlawful harassment and discrimination because of Reeves' Disability in violation of the ICRA.

82.     Further, Reeves engaged in protected activity when he opposed, and complained to Defendants about, the illegal disability-based harassment and discrimination he suffered as noted above and otherwise opposed illegal disability-based harassment and discrimination and other practices made unlawful by the ICRA during his employment with Defendants.

83.     Rather than investigate Reeves' concerns or take any meaningful action, Defendants purposefully and maliciously retaliated against Reeves by further harassing and discriminating against him, including actively forcing Reeves to misrepresent specific facts related to a workplace accident, manufacturing various pretextual reasons to fire him, issuing and/or

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

conveying such reprimands to him, knowingly misrepresenting relevant facts regarding Reeves' employment to others, and unlawfully terminating Reeves' employment.

84.     Reeves' complaints regarding disability-based harassment and discrimination were a motivating factor in Defendants' decision to retaliate against him, including Defendants' decisions to actively force Reeves to misrepresent specific facts related to a workplace accident, manufacture various pretextual reasons to fire him, issue and/or convey such reprimands to him, knowingly misrepresent relevant facts regarding Reeves' employment to others, and unlawfully terminating Reeves' employment.

85.     Moreover, Reeves requested one or more reasonable accommodations from Defendants, including the ability to obtain medical treatment and schedule surgery for his right shoulder and to be absent from work as a result of the Right Shoulder Injury.

86.     Defendants refused and failed to accommodate Reeves.

87.     Rather, Defendants ignored Reeves' reasonable requests and refused to engage in an interactive process in good faith to identify a reasonable accommodation for Reeves as required by applicable law.

88.     Instead, Palmer, Garcia and Defendants fired Reeves on March 26, 2018, just days after Palmer screamed at Reeves for requesting an accommodation.

89.     Plaintiff's termination was unrelated to his job performance or any claimed "reasons" for the termination proffered by Defendants.

90.     Defendants can offer no lawful reason for their treatment of Reeves, and any reason offered is a pretext for illegal harassment, discrimination and/or retaliation.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

91.   Defendants hired one or more non-disabled individuals with less experience than Reeves to fill his former position and/or fulfill some or all of the duties associated with his former position.

92.   Defendants' conduct violated the ICRA.

93.   As a direct and proximate result of Defendants' acts and/or omissions noted herein, Reeves has in the past and will in the future suffer damages including emotional and mental anguish, humiliation, embarrassment and loss of enjoyment of life and has in the past and will in the future suffer loss of wages, loss of earning capacity, benefits, and other emoluments of employment.

94.   Defendants knew their conduct violated the ICRA and showed reckless disregard for whether their conduct violated the ICRA.

95.   Defendants acted intentionally, maliciously, willfully, wantonly and/or with reckless disregard for the rights of Plaintiff.

96.   The actions of Defendants noted herein warrant the imposition of specific equitable relief, including injunctive relief.

WHEREFORE Mr. Reeves respectfully prays that this Court enter judgment against the Defendants, individually and in their corporate capacities, in an amount which will fully and fairly compensate him for his injuries and damages including the following relief:

A.  That Defendants' conduct as set forth herein be declared to be an unlawful discriminatory practice within the meaning of Iowa Code § 216.6 and a violation of Mr. Reeves' rights as secured by the ICRA and applicable law;

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

B.  That Defendants and their officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith, be enjoined from any conduct violating Plaintiff's rights, or the rights of others similarly situated as secured by the ICRA;

C.  That Mr. Reeves be awarded all damages available to him pursuant to the ICRA and applicable law, including:

(1) An award of back pay and benefits, including all wages, salary, commissions, bonuses or other income, or opportunities to obtain such income (or the value of such opportunities) and all insurance, contributions, investments, retirement plans or other benefits or emoluments of employment, or opportunities to obtain such benefits (or the value of such benefits), which Plaintiff earned, or to which Plaintiff would have been entitled, from the date Plaintiff was fired, March 26, 2018, through trial in this matter, had Defendants not illegally fired him, with pre-judgment interest and all other applicable interest as provided by law;

(2) An award of front pay and benefits, including all wages, salary, commissions, bonuses or other income, or opportunities to obtain such income (or the value of such opportunities), and all insurance, contributions, investments, retirement plans or other benefits or emoluments of employment, or opportunities to obtain such benefits (or the value of such benefits), which Plaintiff would have earned or received, or to which Plaintiff would have been entitled, had Defendants not illegally fired him, with interest as provided by law, with front pay calculated for a period of five to fifteen years after the date of trial, or until such time as Plaintiff would have retired, or as the Court deems proper;

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

(3) An award of compensatory damages including appropriate damages for past and future mental and emotional pain, suffering, inconvenience, distress, fear, anguish, humiliation, intimidation, embarrassment, physical sickness and loss of enjoyment of life, suffered by Plaintiff as a result of Defendants' acts and/or omissions;

(4) An adjudication that Plaintiff is entitled to reasonable attorneys' fees and the costs and expenses of this action;

(5) An award of pre-judgment interest as provided by law;

D. An adjudication that Plaintiff is entitled to relief in the form of injunctive relief requiring the following:

(1) That Defendants remove all misrepresentations from Mr. Reeves' employment record;

(2) That Defendants conduct a full investigation regarding the treatment of all of their current or former employees in Iowa who opposed or complained about equitable treatment, harassment or discrimination or retaliation and/or were over 40 years old and/or were disabled or perceived as disabled and were reprimanded, disciplined or fired within the last ten years, to independently determine the merit of such concerns, and that Defendants pay damages, as set forth above, to any such employee who raised a meritorious complaint or who had their complaint ignored;

(3) That Defendants provide training to all supervisory employees regarding how to prevent similar harassment, discrimination and retaliation and protect others similarly-situated and monitor the environment in workplaces operated by

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

Defendants in Iowa to assure that employees are not being treated unfairly in violation of the ICRA and/or based upon disability, real or perceived, or age or retaliated against because they opposed harassment, discrimination or retaliation and report annually to the Court for a period of three years regarding the training provided, Defendants' monitoring and its effectiveness;

E.   That Plaintiff be awarded such additional and further relief as the Court deems just and proper or necessary to effectuate the purpose of the Iowa Civil Rights Act.

<u>**COUNT II**</u>
**VIOLATION OF THE IOWA CIVIL RIGHTS ACT**
**AGE DISCRIMINATION, HARASSMENT AND RETALIATION**
**(Against All Defendants)**

97.   Reeves incorporates and all preceding paragraphs as if fully set forth herein.

98.   Defendants harassed and discriminated against Reeves with respect to terms and conditions of his employment because of his age in violation of the ICRA. This included actively forcing Reeves to misrepresent specific facts related to a workplace accident, manufacturing various pretextual reasons to fire him, issuing and/or conveying such reprimands to him, knowingly misrepresenting relevant facts regarding Reeves' employment to others, and unlawfully terminating Reeves' employment.

99.   Reeves' age was a motivating factor in the harassment and discrimination noted within the previous paragraph and herein, including Defendants' decision to fire Reeves.

100.   Defendants engaged in a continuing pattern and practice of unlawful harassment and discrimination because of Reeves' age in violation of the ICRA.

101.   Further, Reeves engaged in protected activity when he opposed, and complained to Defendants about, the illegal age-based harassment and discrimination he suffered as noted

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

above and herein and otherwise opposed illegal age-based harassment and discrimination and other practices made unlawful by the ICRA during his employment with Defendants.

102.  Rather than investigate Reeves' concerns or take any meaningful action, Defendants purposefully and maliciously retaliated against Reeves by further harassing and discriminating against him, including actively forcing Reeves to misrepresent specific facts related to a workplace accident, manufacturing various pretextual reasons to fire him, issuing and/or conveying such reprimands to him, knowingly misrepresenting relevant facts regarding Reeves' employment to others, and unlawfully terminating Reeves' employment.

103.  Reeves' complaints regarding age-based harassment and discrimination were a motivating factor in Defendants' decision to retaliate against him, including Defendants' decisions to actively force Reeves to misrepresent specific facts related to a workplace accident, manufacture various pretextual reasons to fire him, issue and/or convey such reprimands to him, knowingly misrepresent relevant facts regarding Reeves' employment to others, and unlawfully terminating Reeves' employment.

104.  Plaintiff's termination was unrelated to his job performance or any of the alleged "reasons" proffered by Defendants.

105.  Defendants can offer no lawful reason for their treatment of Reeves, and any reason offered is a pretext for illegal harassment, discrimination and/or retaliation.

106.  Reeves was forty-six years old when he began working for Defendants.

107.  Reeves was fifty-five years old when Defendants fired him.

108.  Defendants hired a younger individual with less experience than Reeves to fill his former position and/or fulfill some or all of the duties associated with his former position.

109.  Defendants' conduct violated the ICRA.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

110.  As a direct and proximate result of Defendants' acts and/or omissions noted herein, Reeves has in the past and will in the future suffer damages including emotional and mental anguish, humiliation, embarrassment and loss of enjoyment of life and has in the past and will in the future suffer loss of wages, loss of earning capacity, benefits, and other emoluments of employment.

111.  Defendants knew their conduct violated the Iowa Civil Rights Act and/or showed reckless disregard for whether their conduct violated the ICRA.

112.  Defendants acted intentionally, maliciously, willfully, wantonly and/or with reckless disregard for the rights of Plaintiff.

113.  The actions of Defendants noted herein warrant the imposition of specific equitable relief, including injunctive relief.

WHEREFORE Mr. Reeves respectfully prays that this Court enter judgment against the Defendants, individually and in their corporate capacities, in an amount which will fully and fairly compensate him for his injuries and damages including the following relief:

A.  That Defendants' conduct as set forth herein be declared to be an unlawful discriminatory practice within the meaning of Iowa Code § 216.6 and a violation of Mr. Reeves' rights as secured by the ICRA and applicable law;

B.  That Defendants and their officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith, be enjoined from any conduct violating Plaintiff's rights, or the rights of others similarly situated as secured by the ICRA;

C.  That Mr. Reeves be awarded all damages available to him pursuant to the ICRA and applicable law, including:

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

(1) An award of back pay and benefits, including all wages, salary, commissions, bonuses or other income, or opportunities to obtain such income (or the value of such opportunities) and all insurance, contributions, investments, retirement plans or other benefits or emoluments of employment, or opportunities to obtain such benefits (or the value of such benefits), which Plaintiff earned, or to which Plaintiff would have been entitled, from the date Plaintiff was fired,       , through trial in this matter, had Defendants not illegally fired him, with pre-judgment interest and all other applicable interest as provided by law;

(2) An award of front pay and benefits, including all wages, salary, commissions, bonuses or other income, or opportunities to obtain such income (or the value of such opportunities), and all insurance, contributions, investments, retirement plans or other benefits or emoluments of employment, or opportunities to obtain such benefits (or the value of such benefits), which Plaintiff would have earned or received, or to which Plaintiff would have been entitled, had Defendants not illegally fired him, with interest as provided by law, with front pay calculated for a period of five to fifteen years after the date of trial, or until such time as Plaintiff would have retired, or as the Court deems proper;

(3) An award of compensatory damages including appropriate damages for past and future mental and emotional pain, suffering, inconvenience, distress, fear, anguish, humiliation, intimidation, embarrassment, physical sickness and loss of enjoyment of life, suffered by Plaintiff as a result of Defendants' acts and/or omissions;

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

(4) An adjudication that Plaintiff is entitled to reasonable attorneys' fees and the costs and expenses of this action;

(5) An award of pre-judgment interest as provided by law;

D.  An adjudication that Plaintiff is entitled to relief in the form of injunctive relief requiring the following:

(1) That Defendants remove all misrepresentations from Mr. Reeves' employment record;

(2) That Defendants conduct a full investigation regarding the treatment of all of their current or former employees in Iowa who opposed or complained about equitable treatment, harassment or discrimination or retaliation and/or were over 40 years old and/or were disabled or perceived as disabled and were reprimanded, disciplined or fired within the last ten years, to independently determine the merit of such concerns, and that Defendants pay damages, as set forth above, to any such employee who raised a meritorious complaint or who had their complaint ignored;

(3) That Defendants provide training to all supervisory employees regarding how to prevent similar harassment, discrimination and retaliation and protect others similarly-situated and monitor the environment in workplaces operated by Defendants in Iowa to assure that employees are not being treated unfairly in violation of the ICRA and/or based upon disability, real or perceived, or age or retaliated against because they opposed harassment, discrimination or retaliation and report annually to the Court for a period of three years regarding the training provided, Defendants' monitoring and its effectiveness;

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

E.   That Plaintiff be awarded such additional and further relief as the Court deems just

and proper or necessary to effectuate the purpose of the Iowa Civil Rights Act.

<u>**COUNT III**</u>
**WRONGFUL TERMINATION IN VIOLATION OF IOWA PUBLIC POLICY**
**WORKERS' COMPENSATION RETALIATION**
**(Against All Defendants)**

114.  Reeves incorporates all preceding paragraphs as if fully set forth herein.

115.  Reeves sustained several work-related injuries while working for Defendants.

116.  Reeves timely informed Defendants about the injuries he sustained while working

for Defendants in accordance with applicable law.

117.  Reeves was eligible to pursue, and did pursue, workers' compensation benefits in

connection with his work-related injuries.

118.  Reeves ultimately hired counsel and filed a claim against Defendant Northern

Natural Gas Company and/or its workers' compensation insurer for workers' compensation

benefits related to his work-related injuries.

119.  It is the public policy of the State of Iowa, pursuant to Iowa Code Chapter 85, that

employers may not fire or otherwise retaliate against employees because they suffered or

reported a workplace injury, or may suffer or report a workplace injury, of because they may

seek to complete or file a workers compensation' report or first report of injury form, or because

they may pursue, or did pursue, work related benefits including workers' compensation benefits,

including any efforts to dissuade an employee from pursuing work related benefits including

workers' compensation benefits or retaliate against any employee because they pursued workers'

compensation benefits.

120.  In violation of the public policy of the State of Iowa, Defendants harassed Reeves

and fired Reeves in whole or in part because he suffered and/or reported one or more workplace

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

injuries as noted above and/or because Reeves sought to pursue workers' compensation benefits and/or because Defendants wanted to dissuade or prevent Reeves from pursuing, or further pursuing, workers compensation' benefits, and/or because Defendants wanted to retaliate against Reeves for pursuing workers' compensation benefits or any of the activity noted within this paragraph.

121.  Reeves' injuries and the facts noted within the previous paragraph, including the fact that Reeves suffered and/or reported one or more workplace injuries as noted above and/or because Reeves sought to pursue workers' compensation benefits and/or because Defendants wanted to dissuade or prevent Reeves from pursuing, or further pursuing, workers compensation' benefits, and/or because Defendants wanted to retaliate against Reeves for pursuing workers' compensation benefits, were a determinative factor in Defendants' decision to harass and retaliate against Reeves, including Defendants' decisions to actively force Reeves to misrepresent specific facts related to a workplace accident, manufacture various pretextual reasons to fire him, issue and/or convey such reprimands to him, knowingly misrepresent relevant facts regarding Reeves' employment to others, and unlawfully terminating Reeves' employment.

122.  If not addressed and remedied, such actions would contravene and subvert well-recognized and defined public policies of the State of Iowa.

123.  As a direct and proximate result of Defendants' unlawful acts and/or omissions noted within this Petition, Reeves has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, lost wages, benefits, future earnings, and other benefits and emoluments of employment.

124.    Defendants knew their conduct violated the public policy of the State of Iowa and/or showed reckless disregard for whether their conduct violated the public policy of the State of Iowa. Defendants acted with legal malice and/or reckless disregard for Plaintiff's rights.

125.  Accordingly, Plaintiff is entitled to punitive damages.

WHEREFORE the Plaintiff respectfully prays that this Court issue an Order declaring that the Defendants violated applicable law as set forth herein and enter judgment against the Defendants jointly and severally, individually and in their corporate capacities in an amount which will fully and fairly compensate Plaintiff for Plaintiff's injuries and damages including but not limited to damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorneys' fees, court costs with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT IV
### WRONGFUL TERMINATION IN VIOLATION OF IOWA PUBLIC POLICY
### WORKPLACE SAFETY, IOSHA RETALIATION
### (Against All Defendants)

126.  Reeves incorporates all preceding paragraphs as if fully set forth herein.

127.  Defendants routinely employed policies related to an "incentive program" which attempted to dissuade Reeves and other employees from reporting workplace injuries ("Incentive Plan").

128.  Among other things, Defendants reduced the incentive pay provided to Reeves and other employees if they reported workplace injuries.

129.  Rather, Defendants encouraged Reeves and employees to obtain medical treatment using their own health care insurance.

130.  Defendants told Reeves and other employees that "if [you] get hurt you better report that it happened outside the gate."

E-FILED  2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

131.  Defendants did, in fact, reduce Reeves' incentive pay because he had sustained a workplace injury.

132.  On multiple occasions during his employment with Defendants, Reeves opposed and complained about Defendants' Incentive Plan, including the fact that his pay was reduced because he had reported a workplace injury.

133.  Further, Palmer, Reeves' supervisor, Meyers, Garcia and Defendants actively and expressly forced Reeves to misrepresent specific facts related to a workplace accident which occurred on February 28, 2018, including the type of equipment which Reeves was using.

134.  Palmer and Defendants knew and should have reasonably known that these misrepresentations would affect the outcome of any legitimate investigation which truly sought to determine the cause of the workplace accident or prevent other workplace accidents, and would likely obfuscate the true cause of the workplace accident, which would likely inhibit the ability to prevent such an accident from occurring again.

135.  Defendants knowingly created, caused, enabled and maintained unsafe, illegal and dangerous working conditions in violation of applicable law with their Incentive Plan and via the specific misrepresentations noted above related to a workplace accident which occurred on February 28, 2018.

136.  On multiple occasions during his employment with Defendants, Reeves engaged in protected activity when he opposed and complained about the Incentive Plan and being forced to misrepresent facts related to the workplace accident which occurred on February 28, 2018.

137.  Rather than listen or act reasonably or otherwise comply with Iowa law or public policy, Defendants purposefully and maliciously harassed and retaliated against Reeves by, among other things, reducing his pay, manufacturing various pretextual claims against him,

29

misleading others regarding the true cause of the accident at issue, and unlawfully terminating

Reeves' employment.

138.  Defendants' conduct violated of the public policy of the State of Iowa, including

but not limited to the public policy defined within Iowa Code, Chapter 88, "Occupational Safety

and Health," which states in part:

> It is the policy of this state to assure so far as possible every working person in the state safe and healthful working conditions and to preserve human resources by:
> 1**. Encouraging employers and employees in their efforts to reduce the number of occupational safety and health hazards at their places of employment, and to stimulate employers and employees to institute new and perfect existing programs for providing safe and healthful working conditions….**
> 3.  Authorizing the labor commissioner to set mandatory occupational safety and health standards applicable to businesses….
> 6.  Exploring ways to discover latent diseases, establishing causal connections between diseases and work in environmental conditions, and conducting other research relating to health problems….
> 7.  Providing medical criteria which will assure insofar as practicable that no employee will suffer diminished health, functional capacity or life expectancy as a result of the employee's work experience.
> 9.  **Providing for the development and promulgation of occupational safety and health standards**.
> 10.  **Providing an effective enforcement program…**
> 11.  **Providing for appropriate reporting procedures with respect to occupational safety and health which procedures will help achieve the objectives of this chapter and accurately describe the nature of the occupational safety and health problem….**
> 13.  Devoting adequate funds to the administration and enforcement of occupational safety and health standards and rules promulgated by the labor commissioner.

Iowa Code § 88.1(1)-(13) (emphasis added); *See also* Iowa Code § 88.4.

139.  It is the public policy of the State of Iowa, pursuant to Iowa Chapter 88, that

employers may not legally terminate the employment of employees because they had opposed or

complained or had threatened to complain or may complain regarding occupational and safety

hazard violations and/or dangerous and/or illegal working conditions or violations of applicable

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

law with regard to safety in the workplace, or otherwise attempt to dissuade or prevent employees from pursuing such complaints or reporting dangerous and/or illegal working conditions or violations of applicable law with regard to safety in the workplace.

140. In violation of the public policy of the State of Iowa, Defendants purposefully and maliciously harassed and retaliated against Reeves by, among other things, reducing his pay, manufacturing various pretextual claims against him, misleading others regarding the true cause of the accident at issue, and unlawfully terminating Reeves' employment in part because Reeves engaged in protected activity when he opposed and complained about the Incentive Plan and being forced to misrepresent facts related to the workplace accident which occurred on February 28, 2018 and because Defendants were attempting to dissuade or prevent Reeves from pursuing such complaints with third parties or reporting dangerous or illegal working conditions or violations of applicable law to third parties.

141. Reeves' opposition and complaints and the facts noted above, including the fact that Reeves engaged in protected activity when he opposed and complained about the Incentive Plan and being forced to misrepresent facts related to the workplace accident which occurred on February 28, 2018 were a determinative factor in Defendants' decision to harass and retaliate against Reeves, including Defendants' decisions to actively force Reeves to misrepresent specific facts related to a workplace accident, manufacture various pretextual reasons to fire him, issue and/or convey such reprimands to him, knowingly misrepresent relevant facts regarding Reeves' employment to others, and unlawfully terminating Reeves' employment.

142. Defendants' actions noted above, including the termination of Plaintiff's employment, violated the public policy of the State of Iowa.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

143.  If not addressed and remedied, such actions would contravene and subvert well-recognized and defined public policies of the State of Iowa.

144.  As a direct and proximate result of Defendants' unlawful conduct noted herein, Plaintiff has in the past suffered, and will in the future suffer, injuries and damages including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, lost wages, benefits, future earnings, and other benefits and emoluments of employment.

145.  Defendants acted with legal malice and/or reckless disregard for Plaintiff's rights and safety, and Plaintiff is, therefore, entitled to punitive damages.

WHEREFORE the Plaintiff respectfully prays that this Court issue an Order declaring that the Defendants violated applicable law as set forth herein and enter judgment against the Defendants jointly and severally, individually and in their corporate capacities in an amount which will fully and fairly compensate Plaintiff for Plaintiff's injuries and damages including but not limited to damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorneys' fees, court costs with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial with regard to all claims set forth herein.

E-FILED 2019 JUL 08 9:25 PM DALLAS - CLERK OF DISTRICT COURT

Respectfully Submitted,

**FLYNN LAW FIRM, P.L.C.**

/s/ E.J. Flynn
E.J. Flynn    AT0009633
2900 100th St., Ste. 304
Urbandale, Iowa 50322
Telephone: (515) 270-1941
Facsimile:  (855) 331-6509
E-mail: ejflynn@flynnlawia.com

ATTORNEYS FOR PLAINTIFF